990 So.2d 734 (2008)
In re Derrick D.T. SHEPHERD.
No. 2008-B-1890.
Supreme Court of Louisiana.
September 19, 2008.

*735 ORDER
Considering the "Motion for Rehearing or Alternatively Motion for Dissolution of Interim Suspension" filed by respondent, and the response thereto filed by the Office of Disciplinary Counsel,
IT IS ORDERED that the motion be and hereby is denied. Respondent, Derrick D.T. Shepherd, Louisiana Bar Roll number 24878, shall remain suspended from the practice of law on an interim basis pursuant to Supreme Court Rule XIX, § 19.2, pending further orders of this court.
/s/ Chet D. Traylor
Justice, Supreme Court of Louisiana
CALOGERO, C.J., Consistent with my prior ruling, I would refer this matter to a Hearing Committee for a hearing.
JOHNSON, J., would grant the motion and remand to a Hearing Committee, and assigns reasons.
WEIMER, J., Consistent with my prior ruling, I would refer this matter to a Hearing Committee for a hearing.
JOHNSON, J., granting respondent's motion and remanding matter to a hearing committee.
Supreme Court Rule XIX, § 19.2 sets forth the procedure for imposing an immediate interim suspension for threat of harm. The Rule gives the Court the option of either immediately suspending the attorney based on the evidence the ODC presents, or ordering the lawyer to show cause, before a hearing committee panel appointed by the board, why the court should not issue an immediate interim suspension. We have been presented only with media coverage of criminal indictments.
I have been able to find only two (2) other instances where this Court ordered immediate interim suspension of an attorney based on a criminal indictment and not a criminal conviction. In these two instances, the attorneys were using their law licenses to obtain sexual favors and harm the public. In re: Henry Dillon, 06-0083 (La. 1/13/06), 918 So.2d 466, this Court granted an immediate interim suspension because the respondent was indicted on two counts of violating the civil rights of others under the color of state law, violations of 18 U.S.C. § 242. The respondent was alleged to have misused his position as an Assistant City Attorney to commit sexual assaults and rapes on women in the New Orleans area. The respondent was charged with forcible rape and/or the sexual assault of 5 women between September 1998 and November 2004.
In In re: Noland Hammond, 05-2538 (La.12/22/05), 917 So.2d 433, this Court granted an immediate interim suspension because the respondent was indicted for repeatedly abusing his access to prisoners who were housed at correctional facilities in the Alexandria area by engaging in inappropriate sexual contact with the inmates. The evidence offered provided at least 7 complaints of the respondent's continued abuse of his access to inmates and 19 complaints filed by his clients which reveal a disturbingly consistent pattern of neglecting legal matters entrusted to him.
The abovementioned cases clearly demonstrated an immediate threat of harm to the public if these lawyers were permitted to continue practicing law. However, this present case can be distinguished because these charges against Mr. Shepherd do not directly impact clients.
In support of the Petition for Interim Suspension For Threat of Harm, the Office of Disciplinary Counsel ("ODC") has combined, *736 summarily, nine (9) additional formal charges with the abovementioned indictments. However, unlike a conviction, these nine charges are subject to the usual disciplinary proceedings set forth in Supreme Court Rule XI, which requires service upon the Respondent, time to respond, entitlement to a hearing before a Hearing Committee, before a recommendation by the Board to this Court for imposition of discipline.
For these reasons, I would grant the Respondent's motion.